# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FORSTER, HAROLD E. | § | Case No. 11-38818 |
| FORSTER, JANET A. | § | |
| | § | |
| | § | |
| Debtors | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 09/23/2011 . The undersigned trustee was appointed on 06/15/2016 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---:|
| 4. | The trustee realized gross receipts of | $ 90,000.00 |

| | |
|---|---:|
| Funds were disbursed in the following amounts: | |
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 37,871.30 |
| Bank service fees | 105.04 |
| Other payments to creditors | 1,013.66 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]    $ | 51,010.00 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 02/06/2017 and the deadline for filing governmental claims was 02/06/2017 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 7,342.79 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 7,342.79 , for a total compensation of $ 7,342.79 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 4.85 , for total expenses of $ 4.85 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 04/12/2017          By: /s/JOSEPH E. COHEN
                                 Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 1

Exhibit A

| Case No: | 11-38818 | ABG | Judge: A. BENJAMIN GOLDGAR | Trustee Name: | JOSEPH E. COHEN |
|---|---|---|---|---|---|
| Case Name: | FORSTER, HAROLD E. | | | Date Filed (f) or Converted (c): | 09/23/11 (f) |
| | FORSTER, JANET A. | | | 341(a) Meeting Date: | 10/21/11 |
| For Period Ending: | 04/12/17 | | | Claims Bar Date: | 02/06/17 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Single family residence 46 Riverview Fox Lake, IL | 102,300.00 | 0.00 | | 0.00 | FA |
| 2. Checking account with State Bank of the Lakes; acc | 50.00 | 0.00 | | 0.00 | FA |
| 3. Misc. household furniture, furnishings, appliances | 500.00 | 0.00 | | 0.00 | FA |
| 4. Husband: clothes & personal items Wife: clothes an | 300.00 | 0.00 | | 0.00 | FA |
| 5. Retirement benefits with Illinois Municiapal Retir | Unknown | 0.00 | | 0.00 | FA |
| 6. 2006 Ford Explorer | 11,975.00 | 0.00 | | 0.00 | FA |
| 7. Products Liability Action - Pelvic Mesh Product (u) | Unknown | 90,000.00 | | 90,000.00 | FA |

TOTALS (Excluding Unknown Values)  $115,125.00   $90,000.00   $90,000.00

Gross Value of Remaining Assets
$0.00
(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

SUBMITTED TFR TO US TEE'S OFFICE FOR REVIEW - 3/16/17

AWAITING SETTLEMENT OF PRODUCT LIABILITY MATTER - 1/17/17.

THIS CASE WAS REOPENED ON JUNE 10, 2016 TO ADMINISTER AN UNDISCLOSED PERSONAL INJURY ACTION. SPECIAL COUNSEL HAS BEEN EMPLOYED - 10/31/16.

Initial Projected Date of Final Report (TFR): 06/30/17    Current Projected Date of Final Report (TFR): 06/30/17

FORM 2

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: | 11-38818 -ABG | |
| Case Name: | FORSTER, HAROLD E. | |
| | FORSTER, JANET A. | |
| Taxpayer ID No: | *******4276 | |
| For Period Ending: | 04/12/17 | |

| | | |
|---|---|---|
| Trustee Name: | JOSEPH E. COHEN | |
| Bank Name: | ASSOCIATED BANK | |
| Account Number / CD #: | *******2564 Checking Account | |
| Blanket Bond (per case limit): | $ 5,000,000.00 | |
| Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/23/17 | 7 | CLARK LOVE & HUTSON, GP<br>CLH AMS CLIENT TRUSTE ACCT<br>440 LOUISIANA STREET<br>HOUSTON,TX 77002 | | | 84,486.34 | | 84,486.34 |
| | | CLARK LOVE & HUTSON, GP | Memo Amount: 90,000.00 | 1249-000 | | | |
| | | | Memo Amount: ( 3,600.00 )<br>MDL Fee - 4% of total gross | 2990-000 | | | |
| | | | Memo Amount: ( 900.00 )<br>MDL Fee 1% | 2990-000 | | | |
| | | MEDICARE | Memo Amount: ( 1,013.66 )<br>Medicare | 4220-000 | | | |
| 01/25/17 | 300001 | CLARK, LOVE & HUTSON, GP<br>440 LOUISIANA STREET<br>SUITE 1600<br>HOUSTON, TX 77002 | FEES TO SPECIAL COUNSEL | | | 32,871.30 | 51,615.04 |
| | | | Fees 32,400.00 | 3210-600 | | | |
| | | | Expenses 471.30 | 3220-610 | | | |
| 01/25/17 | 300002 | CLARK, LOVE & HUTSON, GP<br>440 LOUISIANA STREET<br>SUITE 1600<br>HOUSTON, TX 77002 | BANKRUPTCY COORDINATION FEE | 3220-610 | | 500.00 | 51,115.04 |
| 02/07/17 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 36.46 | 51,078.58 |
| 03/07/17 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 68.58 | 51,010.00 |

Page Subtotals  84,486.34  33,476.34

## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No: | 11-38818 -ABG | Trustee Name: | JOSEPH E. COHEN |
| --- | --- | --- | --- |
| Case Name: | FORSTER, HAROLD E. | Bank Name: | ASSOCIATED BANK |
| | FORSTER, JANET A. | Account Number / CD #: | *******2564 Checking Account |
| Taxpayer ID No: | *******4276 | | |
| For Period Ending: | 04/12/17 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | Memo Allocation Receipts: 90,000.00 | COLUMN TOTALS | | 84,486.34 | 33,476.34 | 51,010.00 |
| | | Memo Allocation Disbursements: 5,513.66 | Less: Bank Transfers/CD's | | 0.00 | 0.00 | |
| | | | Subtotal | | 84,486.34 | 33,476.34 | |
| | | Memo Allocation Net: 84,486.34 | Less: Payments to Debtors | | | 0.00 | |
| | | | Net | | 84,486.34 | 33,476.34 | |
| | | | | | | NET | ACCOUNT |
| | | Total Allocation Receipts: 90,000.00 | TOTAL - ALL ACCOUNTS | | NET DEPOSITS | DISBURSEMENTS | BALANCE |
| | | Total Allocation Disbursements: 5,513.66 | Checking Account - *******2564 | | 84,486.34 | 33,476.34 | 51,010.00 |
| | | | | | ---------------------- | ---------------------- | ---------------------- |
| | | Total Memo Allocation Net: 84,486.34 | | | 84,486.34 | 33,476.34 | 51,010.00 |
| | | | | | ============== | ============== | ============== |
| | | | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals    0.00    0.00

| Page 1 | | EXHIBIT A<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: April 12, 2017 |
|---|---|---|---|---|---|---|

Case Number: 11-38818  
Debtor Name: FORSTER, HAROLD E.

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| ADMIN 001 3210-60 | CLARK LOVE & HUTSON, GP | Administrative | | $33,371.30 | $33,371.30 | $0.00 |
| ADMIN 2 001 2700-00 | CLERK OF THE U.S. BANKRUPTCY COURT<br>219 S DEARBORN<br>CHICAGO, IL 60604 | Administrative | | $260.00 | $0.00 | $260.00 |
| ADMIN 3 001 3110-00 | COHEN & KROL, Attorneys<br>105 West Madison Street<br>Chicago, IL 60602 | Administrative | | $2,925.51 | $0.00 | $2,925.51 |
| 999 8200-00 | HAROLD E. FORSTER<br>46 RIVERVIEW<br>FOX LAKE, IL 60020 | Unsecured | | $8,144.25 | $0.00 | $8,144.25 |
| 000001 070 7100-00 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | $7,256.80 | $0.00 | $7,256.80 |
| 000002 070 7100-00 | Chase Bank<br>P.O. Box 15298<br>Wilmington, DE 19850 | Unsecured | | $702.81 | $0.00 | $702.81 |
| 000003 070 7100-00 | GEMB/Sam's Club<br>P.O. Box 965005<br>Orlando, FL 32896-5005 | Unsecured | | $1,687.62 | $0.00 | $1,687.62 |
| 000004 070 7100-00 | Sears/CBNA<br>P.O. Box 6241<br>Sioux Falls, SD 57117 | Unsecured | | $5,503.74 | $0.00 | $5,503.74 |
| 000005 070 7100-00 | Wells Fargo<br>6640 Shady Oak Road, Ste 300<br>Eden Prairie, MN 55344 | Unsecured | | $17,000.00 | $0.00 | $17,000.00 |
| | Case Totals: | | | $76,852.03 | $33,371.30 | $43,480.73 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-38818
Case Name: FORSTER, HAROLD E.
　　　　　　FORSTER, JANET A.
Trustee Name: JOSEPH E. COHEN

　　　　Balance on hand　　　　　　　　　　　　　　　　$　　　51,010.00

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: JOSEPH E. COHEN | $ 7,342.79 | $ 0.00 | $ 7,342.79 |
| Trustee Expenses: JOSEPH E. COHEN | $ 4.85 | $ 0.00 | $ 4.85 |
| Attorney for Trustee Fees: COHEN & KROL, Attorneys | $ 2,907.00 | $ 0.00 | $ 2,907.00 |
| Attorney for Trustee Expenses: COHEN & KROL, Attorneys | $ 18.51 | $ 0.00 | $ 18.51 |
| Charges: CLERK OF THE U.S. BANKRUPTCY COURT | $ 260.00 | $ 0.00 | $ 260.00 |
| Other: CLARK LOVE & HUTSON, GP | $ 32,400.00 | $ 32,400.00 | $ 0.00 |
| Other: CLARK LOVE & HUTSON, GP | $ 971.30 | $ 971.30 | $ 0.00 |

　　Total to be paid for chapter 7 administrative expenses　　$　　　10,533.15
　　Remaining Balance　　　　　　　　　　　　　　　　　　$　　　40,476.85

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 32,150.97  have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  100.0  percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank | $ 7,256.80 | $ 0.00 | $ 7,256.80 |
| 000002 | Chase Bank | $ 702.81 | $ 0.00 | $ 702.81 |
| 000003 | GEMB/Sam's Club | $ 1,687.62 | $ 0.00 | $ 1,687.62 |
| 000004 | Sears/CBNA | $ 5,503.74 | $ 0.00 | $ 5,503.74 |
| 000005 | Wells Fargo | $ 17,000.00 | $ 0.00 | $ 17,000.00 |

Total to be paid to timely general unsecured creditors         $              32,150.97

Remaining Balance         $              8,325.88

    Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

    Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

    To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of 0.1 % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $ 181.63 . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

    The amount of surplus returned to the debtor after payment of all claims and interest is $ 8,144.25 .